Grafton,  
Dec. 7, 1901.

CAMPBELL, *Ex'r, v.* CLOUGH *& a.*

Where a town declines to accept a bequest in trust unless certain burial lots owned by the testator are transferred to it, the executor is not authorized to make such conveyance, nor does the sum so bequeathed become a part of the general estate, but the fund is to be administered in accordance with the terms of the will by another trustee.

If a will charges an executor named therein with the performance of duties incumbent upon a trustee, he is required, after an administration of the estate in the ordinary course and a settlement of his account, to transfer to himself as trustee the estate to be administered by him in that capacity and to give bond for the faithful execution of the trust.

Where a will provides for care of the testator's aunts during their lives and divides the residue of the estate among his minor children, a bequest in trust "in case of the death of all my children and aunts" is dependent upon the decease of the aunts and that of all the children without the latter becoming entitled to the possession of their respective shares.

Under a will providing that two sons of the testator shall each be given a third of the estate on attaining the age of thirty years if of good habits, that the remaining third shall be paid to a daughter, and that a portion may be delivered to any child of suitable age and good business qualities adjudged capable by the executors, the beneficiaries are not entitled to their respective shares at any definite age. Those who possess the requisite qualifications are entitled to their inheritance upon attaining a suitable age, while those who lack them may receive their portions when they arrive at thirty years if of good habits — the shares to be held in trust until their habits become good.

Whether beneficiaries are possessed of the qualifications upon which the payment of a trust fund depends, is a question to be determined by the trustee in the exercise of a sound discretion and subject to the supervision of the court.

BILL IN EQUITY, by the executor of the will of Joseph F. Perley, praying the advice and direction of the court as to certain clauses of the will. Transferred from the June term, 1901, of the superior court by *Stone,* J.

The material parts of the will are as follows: "I want my aunts Hannah, Elsie, and Lois to be well provided for during their lives and have good care to their satisfaction. . . . I also leave to the town of Enfield the sum of 500 dollars, to be called the Perley Cemetery fund, the interest to be forever laid out in keeping the

fence around the Mont Colm cemetery, so called, where my mother, aunts, uncle, wife, and child are buried, and my lots well taken care of — and the ground in good order. . . . It is my wish that each of my children have a good education — and when Joey is thirty years of age if of good habits to be given 1–3 of my estate — and the same to Offie if of good habits — and 1–3 to be for my daughter Abbie — and her heirs meaning her children — In case of the death of all my children and aunts — I give to the town of Enfield the sum of ten thousand dollars — to be called the Perley Library fund, the interest to be forever used for library purposes for the whole town — also to the town of Enfield the sum of ten thousand dollars to be called the Perley School fund, the interest to go the School of the whole town forever. . . . I would like when any of my children become of suitable age — if of good business qualities — to have them consulted — in the control of my estate and if in the opinion of my executors they are capable to have it delivered up to them. . . . In case of the death of all my children and my aunts, I give to the town of Enfield the sum of one thousand dollars to be called the Perley Christmas fund, the interest to be always used each Christmas for presents to be put on the public Christmas trees for the poor and deserving children on both sides of the town — selected by the town officers — selectmen — town clerk — and overseers of the poor."

The bill alleges, among other things, that the plaintiff's co-executor has declined to accept the trust; that the children of the testator mentioned in the will are Joseph B., Theophilus C., and Abbie A. Perley, who are all minors and under guardianship; that the aunts named in the will are Hannah Clough, Elsie Webster, and Lois P. Carr; that the town of Enfield, at its annual meeting on March 12, 1901, refused to accept the legacy in the will providing for the care of Montcalm cemetery, so called, unless the unsold lots in the cemetery which were owned and laid out by the testator were conveyed to the town; and that the petitioner is uncertain and doubtful as to his duties in the premises. The executor prays the direction of the court as to his duty under the provisions of the will, and especially in the particulars hereinbelow set forth:

1. Has the petitioner any authority to make conveyance to the town of Enfield of the unsold lots in Montcalm cemetery; and if not, shall the sum of five hundred dollars left to the town become a portion of the testator's general estate?

2. Under the provisions of the will, does the petitioner complete his trust at the expiration of the statutory term and settlement of his account in the probate court, after paying debts and

legacies not to the children of the testator, and reserving a sum
to secure the maintenance of Hannah, Elsie, and Lois approved
by the probate court, or does he become a trustee of the estate
until the final distribution thereof?

3.   Do the following clauses of the will, " and when Joey is
thirty years of age if of good habits to be given 1–3 of my es-
tate — and the same to Offie if of good habits — and 1–3 to be
for my daughter Abbie — and her heirs meaning her children —
In case of the death of all my children and aunts — I give to
the town of Enfield the sum of ten thousand dollars — to be
called the Perley Library fund, the interest to be forever used for
library purposes for the whole town — also to the town of Enfield
the sum of ten thousand dollars to be called the Perley School
fund — the interest to go to the school of the whole town forever,"
and " in case of the death of all my children and my aunts, I give
to the town of Enfield the sum of one thousand dollars to be
called the Perley Christmas fund, the interest to be always used
each Christmas for presents to be put on the public Christmas
trees for the poor and deserving children on both sides of the
town — selected by the town officers — selectmen — town clerk —
and overseers of the poor," create trust funds only in case of the
death of all the children and aunts prior to the distribution of the
estate, or do they create such trust funds absolutely, taking effect
upon the death of all the children and aunts, they enjoying the
income thereof for life?

4.   Whether under the clauses, " and when Joey is thirty years
of age if of good habits to be given 1–3 of my estate — and the
same to Offie if of good habits — and 1–3 to be for my daughter
Abbie — and her heirs meaning her children," and " I would
like when any of my children become of suitable age — if of good
business qualities — to have them consulted — in the control of
my estate and if in the opinion of my executors they are capable
to have it delivered up to them," the children, or any of them,
receive a portion of the estate upon reaching majority; if not, at
what age, and whether any of the children stands upon a differ-
ent footing ·from the others as to the time of receiving a portion?

   *Barron Shirley*, for the petitioner.

   BLODGETT, C. J.   1.  The petitioner has not authority to
make conveyance to the town of Enfield of the unsold lots in
Montcalm cemetery belonging to the testator, nor does the " sum
of five hundred dollars become a portion of the testator's general
estate."   The declination of the town to accept the trust did not
defeat it.   The effect was merely to leave its execution to another

trustee. It is a rule without exception that equity never allows a legal and valid trust to fail for want of a trustee.

2. Although the petitioner is not in terms appointed trustee, the will clearly contemplates a trust in him beyond the ordinary duties of an executor, and clothes him with the dual fiduciary capacity of executor and trustee. *Wheeler* v. *Perry*, 18 N. H. 307, 309, 311; *Sawyer's Appeal*, 16 N. H. 459; 1 Per. Tr. (3d ed.), *s.* 262. As such, he is not only required to perform the duties incumbent on him as executor in the ordinary course of administration of the testator's estate, but upon the settlement of his account with the probate court, at the expiration of the statutory term, he is required to transfer to himself as trustee the amount then remaining in his hands as executor, and to give bond for the faithful performance of his duties as such trustee (P. S., c. 198, s. 1), unless he shall be permitted by the court to resign the trust, or neglects and refuses to give bond for its performance. *Ib.*, ss. 4, 5.

3. Relative to the third question, we are of opinion that the language used by the testator in respect of his aunts and children affords satisfactory proof that his purpose was to make the gifts to the town in trust for the purposes specified dependent upon both a certainty and a contingency. The ascertainment of the certainty which he apparently had in mind is quite free from difficulty, but what the contingency was cannot be satisfactorily determined, and the result arrived at must be at best but a probable one; but giving construction to the will as a whole and to every part thereof, as well as to the relations of the testator to the persons who were manifestly the first objects of his bounty, we think it is more probable than otherwise, upon the competent evidence presented for our consideration, that it was his intention to make the gifts in question dependent upon the decease of all the aunts, which is a certainty, and upon the event of the decease of all the children without becoming entitled to the possession of their respective shares of the estate, which is a contingency. The will is construed and the petitioner advised accordingly.

4. The children are not necessarily to receive their portions of the estate upon their arrival at the age of twenty-one years, or at any other definite age, and in this regard we think they all stand on the same footing. When they arrive at a suitable age, if possessed of the requisite capacity and of good business qualities, they then become entitled to the possession of their respective portions. In the continued absence of these qualifications until they attain the age of thirty years, they then become so entitled, if they are of good habits; otherwise their portions are to be held in trust until their habits become good. Whether at any given age the

prescribed requisites are or are not wanting, must be determined by the petitioner or his successors, in the exercise of a sound dis-cretion and subject to the supervision of the court.

*Case discharged.*

All concurred.